MARK M. MULLENAUX AND SUZANNE M. MULLENAUX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mullenaux v. Commissioner
Docket No. 11762-78.
United States Tax Court
T.C. Memo 1979-293; 1979 Tax Ct. Memo LEXIS 230; 38 T.C.M. (CCH) 1150; T.C.M. (RIA) 79293; August 3, 1979; Filed Howard Philip Newman and T. Keith Fogg, for respondent. DAWSON
DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing and disposition of respondent's motion for summary judgment pursuant to the provisions of section 7456(c), Internal Revenue Code *232 of 1954, as amended. The Court approves and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment which came on for further hearing at the Motions Session on July 11, 1979. There was no appearance by or on behalf of petitioners, nor had the Court received from them any response to the motion. Respondent appeared by his counsel and argued in support of his motion. At the conclusion of the hearing, the motion was taken under advisement. Respondent determined a deficiency in petitioners' 1975 Federal income taxes and an addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a) of the Internal Revenue Code of 1954 in the respective amounts of $1,239 and $62. In the notice of deficiency the deficiency was predicated on the following three adjustments: increase in income of $12,116 ("Adjustment to Income--Nominee Income"); decrease in income of $5,670 ("Consulting Fees Income"); and increase in income of $513 ("Interest Income"). The petition disputes each of the foregoing adjustments *233 as well as the imposition of the addition to tax. The amounts of the first and third adjustments had not been reported on petitioners' return; however, they had been reported (incorrectly according to respondent) on Form 1041, the fiduciary return filed by the Mark M. Mullenaux Equity Trust (the Trust). The amount of the decrease had been reported on petitioners' 1975 return, but in the notice of deficiency it was eliminated from income on the ground that it represented "a nontaxable distribution of corpus." Rule 121 of the Tax Court Rules of Practice and Procedure, which was adopted from the longstanding Rule 56 of the Federal Rules of Civil Procedure, provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does *234 not dispose of all the issues in the case." The summary judgment procedure is available even though there is a dispute as to fact under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issues of material fact exist. The record in the present case contains, bearing on the issues presented by the motion, a copy of the notice of deficiency; the petition and the answer; a copy of petitioners' 1975 return (Form 1040); a copy of the 1975 fiduciary return (Form 1041) for the Trust, to which there is attached a copy of the declaration of trust for the Trust; and respondent's motion for summary judgment. 1. Nominee Income Issue.--The question presented under this issue is whether a purported conveyance by Mark Mullenaux of his lifetime services to the Trust was effective to shift the incidence of taxation on amounts representing compensation to him but paid to the Trust. On facts substantially the same as those involved here we have recently and repeatedly held that such purported conveyances were simply assignments of income and that they were ineffective to shift the tax burden thereon from the taxpayer--assignor to the trusts there *235 involved. Wesenberg v. Commissioner,69 T.C. 1005, 1010-1011 (1978). See also Morgan v. Commissioner,T.C. Memo. 1978-401; Damm v. Commissioner,T.C. Memo. 1977-194; and Horvat v. Commissioner,T.C. Memo. 1977-104, affd. by unpublished order (7th Cir. 1978), certiorari denied     U.S.     (1979), rehearing denied     U.S.     (1979). In those cases, involving trust documents substantially identical to the declaration of trust here, this Court held for the Commissioner. There being no genuine issue as to any material fact on this issue, respondent's motion should be granted insofar as that motion pertains to this first issue. 2. Interest Income Issue. -- Under this issue respondent seeks to tax to petitioners interest on two savings accounts, which the Trust included in income on its return and which petitioners did not include in income on their return. Respondent relies on section 61 and, alternatively, on the grantor-trust provisions of sections 671 through 678. Insofar, as section 61 is concerned, it must be pointed out that respondent does not contend that the trust should be disregarded *236 for Federal income tax purposes. That being so, there could be a valid conveyance by petitioners of the savings account to the Trust, without running afoul of the assignment-of-income doctrine. If that has been done, then the trust (and not petitioners) would be taxable on the interest. The record herein does not contain the documents (if there were any) conveying the accounts to the Trust. The Court needs to inspect and consider those documents before it could determine whether respondent is correct in determining that the broad and general provisions of section 61 mandate taxing the interest to petitioners. Looking next to the grantor-trust provisions of sections 671-678, with only the declaration of trust [1]/ and the tax returns in the record -- and no certificate of beneficial interest to show who were the beneficiaries of the Trust and no minutes of the meetings of the trustees -- there is insufficient evidence to show whether Ben or Suzanne were persons having interests adverse to Mark, to show with requisite certitude that Mark possessed the powers proscribed by section 674, 676, or 677, or to show whether Suzanne or Ben is a "person other than the grantor" within *237 the meaning of section 678. With these gaps in the record, it is not possible to determine on the present record that the grantor trust provisions mandate taxing the interest income to petitioners. Respondent's motion for summary judgment should be denied insofar as it pertains to this second issue. 3. Consulting Fees Income. -- Respondent's position here, as articulated by his counsel at the hearing, is that since, in his view, the Trust had no income, its payment to Mark of $5,670 as "consulting fees" represented "a non-tax-able distribution of corpus." Inasmuch as the question of whether the interest income belonged to and was taxable to the Trust is still to be decided, the underpinning for respondent's determination on this third issue is in doubt. Accordingly, his motion for summary judgment insofar as it pertains to this third issue should be denied. 4. Addition to Tax for Negligence. -- Whether petitioners should be held liable for the addition to tax raises factual questions, including *238 petitioners' education and intellectual ability and their knowledge of the rules and regulations and the pertinent case law. The present record is barren of any evidence on these questions and petitioners should be afforded an opportunity to testify and present any other evidence they have bearing on this fourth issue. Accordingly, respondent's motion for summary judgment should be denied insofar as it pertains to this fourth issue. * * *
In sum, respondent's motion should be granted in that he is entitled to a partial summary adjudication in his favor on the first issue, and denied as to the other three issues. An appropriate order
will be entered. Footnotes
1. /↩ Mark M. Mullenaux is the grantor, but not a trustee. The trustees are Suzanne Mullenaux (wife of Mark) and Ben M. Mullenaux, who is not otherwise identified.